IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

VICKI ANTHONY, *et al.*,       *

    Plaintiffs,       *

v.       *       Civil Action No. RDB-13-00757

DURHAM SCHOOL SERVICES, L.P., *et al.*,   *

    Defendants.       *

\* \* \* \* \* \* \* \* \* \*

## ORDER APPROVING FEES AND EXPENSES

Having considered Plaintiffs' Motion for Approval of Attorneys' Fees and Expenses, the Memorandum in Support, the supporting evidence, all class member comments, the lack of objections, the oral argument of counsel, and the relevant case law, the Court finds that good cause exists to GRANT that Motion.

The Court finds as follows: The fees and expenses agreed to in the Settlement Agreement are fair and reasonable. Plaintiffs' counsel prosecuted the case effectively and efficiently. Counsel efficiently worked to determine the amount of damages owed and obtained a quick and rewarding settlement for their clients. As established by the declaration of Andrew D. Freeman, the hourly rates used for plaintiffs' lodestar calculation are the actual rates charged by Brown, Goldstein & Levy, LLP to its fee-paying clients, and as established by the declarations of Mr. Freeman as well as Cyril V. Smith and Stephen B. Lebau, those rates are at or below the market rates for comparable firms in the Baltimore area. Multiplying those rates times the hours actually and reasonably worked by Plaintiffs' counsel results in a lodestar of

more than $250,000, and the additional time, plus the expenses already incurred and to be incurred, would result in a lodestar fee plus expenses well above $250,000.

It is also worth noting that the $250,000 in fees and expenses was agreed to by the Defendants in arms-length negotiations that occurred only after the damages to be paid to the Class was agreed upon, and that the $250,000 is 20 percent of the total recovery of $1,250,000 -- well within the range of reasonable common fund attorneys' fees.

Given the uncertainties regarding damages and the amount of time that wage and hour cases often take to litigate, the settlement result of ~~111%~~ *RDB* of the amount of wages due is excellent.

The Court has considered the twelve factors first enunciated in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), and finds that, to the extent they are applicable, all weigh in favor of a full lodestar fee and none weighs against such a fee.

Accordingly, it is ORDERED as follows:

1. The Motion for Approval of Attorneys' Fees and Expenses BE, and the same hereby is, GRANTED, and the $250,000 in fees and expenses provided in the Settlement Agreement is hereby APPROVED.

*/s/ Richard D. Bennett*
The Hon. Richard Bennett
U.S. District Court Judge

April __, 2014